NO. 07-01-0481-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 28, 2002

_____

JOHANSON LEE WATSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 9479; HONORABLE LESLIE THOMAS, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Appellant Johanson Lee Watson appeals from the trial court's order denying his *pro se* request for post-conviction Forensic DNA Testing pursuant to TEX. CODE CRIM. PROC.

_____

*John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

ANN. art. 64.01 (Vernon Supp. 2002).[1]  By brief presented by appointed counsel, he contends 1) the trial court abused its discretion by finding that no biological evidence existed for DNA testing, and the failure to preserve biological material[2] denied appellant his right to testing pursuant to article 64.01, thereby denying him due process of law under the 2) United States and 3) Texas Constitutions.  Based upon the following rationale, we affirm in part and dismiss in part.

In 1997, appellant pled guilty to sexual assault in Cause No. 9479, in the 46th District Court of Wilbarger County, Texas, and was sentenced to the Texas Department of Criminal Justice, Institutional Division.  During the course of the investigation of the offense, the officers obtained a "Rape Kit" which was sent to the Department of Public Safety Laboratory in Lubbock.  After the analysis was completed, a written report was forwarded to the Sheriff's Office.  Following his conviction, appellant filed *pro se* "filings," *i.e.*,

August 16, 2001     Request for appointment of Counsel, Declaration of Inability to Pay Costs;

September 5, 2001 Motion for Leave for Permission to Reconsider to File a Motion for a Writ of Mandamus;

---

[1]Added by Act of April 3, 2001, 77th Leg., R.S., Ch.  2, § 2, 2001 Tex. Gen. Laws 2, 2-3.

[2]TEX. CODE CRIM. PROC. ANN. art. 38.39 requires preservation of biological material.

2

On September 17, 2001, the trial court appointed counsel for appellant and issued a bench warrant. Thereafter, on September 24, 2001, appellant filed another *pro se* motion seeking leave to file a motion for writ of mandamus. However, at the time of the hearing on October 17, 2001, appellant had not filed a motion, *pro se* or otherwise, accompanied by his affidavit containing statements of fact in support of the motion as required by article 64.01. In opposition, the State contended appellant's identity was never an issue at the trial because he signed a written stipulation of evidence and testified to the assault.

Sheriff Quisenberry was the only witness to testify at the hearing. He testified that appellant was convicted upon a plea of guilty in 1997, and that a "Rape Kit" containing material provided by the victim was sent to the DPS lab and that a written analysis was returned to the Sheriff's Office. However, according to Sheriff Quisenberry, there was no record of the return of the material to his office or its retention by the DPS lab. Further, according to his testimony, he was unable to locate the material in his office and had no recollection of when or if it may have been destroyed by his office. According to him, if the kit was returned to his office from the DPS lab, it had been destroyed "some time ago." At the conclusion of the evidence, the trial judge remarked:

> Well, of course, the – from the evidence that the Court has heard, the Court would of necessity have to find that the evidence does not exist at this particular time.

3

Following this comment, the court announced the motion for DNA testing would be denied. Then, by written order filed October 25, 2001, finding "that no evidence containing biological material has been preserved, and that identity was not and is not an issue in this case," the trial court denied the motion for DNA testing.

By his first point of error, appellant contends the trial court abused its discretion in finding that no biological evidence existed for DNA testing. We disagree. At the time of the hearing on October 17, 2001, the trial court and counsel did not have the benefit of the recent decision in Dinkins v. State, No. 74,240, 2002 Tex. Crim. App. LEXIS 157 (Tex.Cr.App. Sept. 11, 2002). In affirming the denial of the request for DNA testing, the Court held:

> Appellant ignores the plain language of Article 64.03. Article 64.03(a)(2)(A) directs a convicting court to order DNA testing of evidence containing biological material only if a convicted person establishes by a preponderance of the evidence that there is a reasonable probability that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. A trial court is never required to grant a convicted person's request for testing absent such a showing.

Id. at *8-9; see also In re Fain, 83 S.W.3d 885 (Tex.App.–Austin 2002, no pet. h.) (holding a movant seeking DNA testing under article 64.01 has the burden of proof to show a reasonable probability exists that exculpatory DNA tests will prove his innocence). In the instant case, although appellant called Sheriff Quisenberry as his witness, he offered no evidence tending to show a reasonable probability that exculpatory DNA testing would

4

prove his innocence. In addition, the evidence at the hearing did not show that the evidence still exists and is in a condition making DNA testing possible. TEX. CODE. CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2002). Accordingly, based upon our review of the entire record, we conclude the trial court did not err in denying appellant's request for DNA testing.

Although not mentioned in his point of error, by his argument, appellant contends the record shows that the DNA material was destroyed contrary to TEX. CODE CRIM. PROC. ANN. art. 38.39 (Vernon Supp. 2002). However, the applicability of article 38.39 is uncertain here because it was not effective until April 5, 2001, and statutes are presumed to apply prospectively only and have no retroactive effect. TEX. GOV'T CODE ANN. § 311.022 (Vernon 1998); *see also* Ridyolph v. State, 545 S.W.2d 784, 786 (Tex.Cr.App. 1977); State v. Arellano, 801 S.W.2d 128, 130 (Tex.App.–San Antonio 1990, no pet.). Then, arguing that his first point is tied to his second and third points, appellant combines the arguments presented by his second and third points with his first point. However, for the reasons mentioned below, we must conduct our analysis of the second and third points separately from his first point. Appellant's first point is accordingly overruled.

Contending that the failure of the State to preserve biological material denied him due process of law under the Constitutions of 2) the United States and 3) Texas, appellant argues this Court should order his release from incarceration. Concluding that we do not

5

have jurisdiction to grant the requested relief, we must decline to consider appellant's second and third points.

Jurisdiction is fundamental and cannot be ignored. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Cr.App. 1996) (en banc). This Court is obligated to determine, *sua sponte,* its jurisdiction because jurisdiction must be vested in a court by constitution or statute. *Id.*[3] TEX. CODE CRIM. PROC. ANN. art. 38.39 entitled Preservation of Evidence Containing Biological Material does not provide for any relief by the "convicting court" or otherwise, nor authorize an appeal to a court of appeals. Further, chapter 64 entitled Motion for Forensic DNA Testing and articles 64.01 through 64.05 do not authorize a "convicting court" to render an order releasing a "convicted person" from incarceration pursuant to a prior conviction, and in a non-capital case, an appeal to this Court is limited to "findings" by the "convicting court" under article 64.03 or 64.04, but not otherwise.

TEX. CONST. art. V, § 6 provides that courts of appeals shall "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Pursuant to this constitutional directive, the Legislature established the authority of a court of appeals to issue writs by TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp. 2002). Under section 22.221, a court of appeals does not have original habeas corpus jurisdiction

---

[3]*See also* Ex parte Armstrong, 110 Tex. Crim. 362, 8 S.W.2d 674 (1928) (holding that unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and it acts without validity).

6

in a criminal case. Ex Parte Hawkins, 885 S.W.2d 586, 588 (Tex.App.–El Paso 1994, no pet.). Although appellant does not designate his request as an application for writ of habeas corpus, in effect the relief he seeks amounts to a request for habeas relief. Under TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 1977), the Court of Criminal Appeals, the District Courts, and the County Courts have the power to issue a writ of habeas corpus, but the courts of appeals are not designated as having jurisdiction to entertain or issue writs of habeas corpus. Appellant has not cited any authority indicating that this Court has jurisdiction to consider his second and third points and the requested relief and we have found none. Therefore, we have no jurisdiction to consider appellant's second and third points of error, and they are hereby dismissed for want of jurisdiction.

Accordingly, the trial court's order denying appellant's motion for DNA testing is affirmed.


Don H. Reavis
Justice

Publish.