Affirmed and Opinion filed March 6, 2003









Affirmed and Opinion filed March 6, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01012-CR

____________

 

JOHN MICHAEL JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 10th District Court

Galveston County, Texas

Trial
Court Cause No. 95CR0750

 



 

M E M O R A N D U M   O
P I N I O N

Appellant entered a plea of nolo contendere to the offense of aggravated sexual
assault.  On November 16, 1995, the trial
court deferred an adjudication of guilt and sentenced appellant to nine years
community supervision.  On August 24,
1999, the State moved to adjudicate appellant=s guilt.  On November 5, 1999, the court entered a
judgment adjudicating guilt and sentenced appellant to confinement for sixteen
years in the the Institutional Division of the Texas
Department of Criminal Justice.  

 








On September 10, 2001, appellant filed a pro se motion for
forensic DNA testing pursuant to Chapter 64 of the Code of Criminal
Procedure.  The trial court appointed
counsel to represent appellant.  On
September 13, 2002, the trial court conducted an evidentiary hearing and made a
written finding that the evidence was not in a condition making DNA testing
possible.  Appellant filed a written pro
se notice of appeal from the denial of DNA testing.  

Appellant's appointed counsel filed a brief in which she
concludes that the appeal is wholly frivolous and without merit.  The brief meets the requirements of Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396
(1967), presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. 
See High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response to counsel=s brief.  On February 21, 2003, appellant filed a pro
se response in which he argues that he has been deprived of his constitutional
rights by the State=s failure to preserve the DNA evidence for testing.[1]  The relief appellant seeks is outside the
scope of an appeal from the denial of a motion for DNA testing under Chapter
64; this claim amounts to a request for habeas relief.  See Watson v. State, 2002 WL 31416064
(Tex. App.CAmarillo 2002, pet. granted).  A court of appeals does not have original
habeas corpus jurisdiction in felony cases. 
Tex. Gov=t Code Ann. ' 22.221.  

We agree this appeal is wholly frivolous and without
merit.  Further, we find no reversible
error in the record.  The record reflects
appellant did not meet the statutory requirements to be entitled to forensic
DNA testing.  See Tex. Code Crim.
Proc. Ann. art. 64.03.  








Accordingly, the order of the trial court denying forensic
DNA testing is affirmed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed March 6, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]   Article 38.39 of the Texas Code of Criminal Procedure,
requiring preservation of evidence containing biological material, did not take
effect until April 5, 2001; the offense in this case was committed May 19,
1995.