Affirmed and Opinion filed April 10, 2003









Affirmed and Opinion filed April 10, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01103-CR

____________

 

STEVE
STEVENSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 262nd District Court

Harris
County, Texas

Trial
Court Cause No. 469,640

 



 

M E M O R A N D U M  O
P I N I O N

This is an appeal from the trial court=s denial of appellant=s motion for forensic DNA testing.
The motion was denied because the State established the physical evidence in
appellant=s case was destroyed on September 12,
2000.








Appellant's appointed counsel filed a brief in which he
concludes that the appeal is wholly frivolous and without merit.  The brief meets the requirements of Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant.  A copy of the record was delivered to
appellant and, on March 14, 2003, appellant filed a motion to reverse and
remand the case for a new trial.  In this
motion, appellant claims his constitutional right to due process was violated
by the destruction of the DNA evidence.[1]  The relief appellant seeks is outside the
scope of an appeal from the denial of a motion for DNA testing under Chapter
64; this claim amounts to a request for habeas relief.  See Watson v. State, 2002 WL 31416064
(Tex.App.‑Amarillo 2002, pet. ref=d). 
A court of appeals does not have original habeas corpus jurisdiction in
felony cases.  Tex. Gov't
Code Ann. ' 22.221 (Vernon Supp. 2003).

We agree the appeal is wholly frivolous and without
merit.  Further, we find no reversible
error in the record.  

Accordingly, we deny appellant=s motion to reverse and remand and we
affirm the judgment of the trial court.

 

PER CURIAM

 

Judgment rendered and Opinion
filed April 10, 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Article 38.39
of the Texas Code of Criminal Procedure, requiring preservation of evidence
containing biological material, did not take effect until April 5, 2001;
appellant was convicted of the offense in this case on March 10, 1987.