Opinion issued February 19, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00921-CR




OSCAR HUMBERTO CHAVEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 509109




O P I N I O N

          Appellant, Oscar Humberto Chavez, in 1989, pleaded no contest to aggravated
sexual assault of a child and the trial court sentenced him to 45 years’ confinement. 
In 2002, appellant filed a motion for post-conviction DNA testing, which the trial
court denied. In a single point of error, appellant contends that the State denied him
due process of law


 by destroying material DNA evidence. 
BACKGROUND
          Without a hearing, the trial court denied appellant’s motion for DNA testing
and adopted the State’s proposed findings of fact. Appellant filed a pro se notice of
appeal, specifically appealing the trial court’s denial of post-conviction DNA testing. 
However, in his brief, appellant, who is now represented by appointed counsel,
contends instead that the State denied him due process by destroying material DNA
evidence.
DISCUSSION
          We have no jurisdiction to consider appellant’s complaint. 
          Jurisdiction must be vested in a court by constitution or statute. State v.
Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996). Article V, Section 6 of the
Texas Constitution provides that the courts of appeals shall “have original or
appellate jurisdiction, under such restrictions and regulations as may be prescribed
by law.” Tex. Const. art. V, § 6. When the issue is the preservation of evidence
containing biological material, the Code of Criminal Procedure does not provide for
any relief by the lower court, nor authorize an appeal to a court of appeals. Tex.
Code Crim. Proc. Ann. art. 38.39 (Vernon 2001); Watson v. State, 96 S.W.3d 497,
500 (Tex. App.—Amarillo 2002, pet. ref’d). In addition, in a non-capital case, an
appeal to this Court from the denial of a motion for post-conviction DNA testing is
limited to findings by the lower court. Tex. Code Crim. Proc. Ann. art. 64 (Vernon
2001); Watson, 96 S.W.3d at 500 (appeal to appellate court limited to findings by the
convicting court under article 64.03 or 64.04). 
          Here, appellant alleges that his constitutional right to due process of law was
violated when the State destroyed material DNA evidence, but he does not attack the
findings of the trial court. Therefore, appellant’s claim is not valid as an appeal from
the denial of a motion for DNA testing under article 64. Tex. Code Crim. Proc.
Ann. art. 64 (Vernon 2001); Watson, 96 S.W.3d at 500. In effect, appellant’s claim
amounts to a request for habeas relief. Watson, 96 S.W.3d at 500. A court of appeals
does not have original habeas corpus jurisdiction in felony cases. Tex. Gov’t Code
Ann. § 22.221 (Vernon Supp. 2004). 
          Accordingly, we dismiss for want of jurisdiction. See Johnston v. State, 99
S.W.3d 698, 702-03 (Tex. App.—Texarkana 2003, pet. ref’d) (to the extent appellant
sought release because the State failed to preserve evidence possibly containing
biological material, appellate court determined it would have no jurisdiction to grant
him that remedy) (citing Watson, 96 S.W.3d at 500).
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Publish. Tex. R. App. P. 47.2(b).