Affirmed and Memorandum Opinion filed March 16, 2004









Affirmed and Memorandum Opinion filed March 16, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01060-CR

____________

 

WILLIE LEA
WRIGHT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District
Court 

Harris County,
Texas

Trial Court Cause No.
701,164

 



 

M E M O R A N D U M   O P I N I O N

The trial court granted appellant=s post-conviction
motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.  After testing, the trial
court made findings of fact and conclusions of law that the DNA test results
were Anot favorable@ to
appellant.  In appellant=s sole issue, he
complains of the trial court=s finding and
attempts to challenge his 1996 conviction. 
Because all
dispositive issues are clearly settled in law, we issue this memorandum
opinion.  See Tex. R. App. P. 47.1.  We affirm.

 








Background

On December 28, 2001, appellant filed a
post-conviction motion for DNA testing requesting testing of biological
material in the State=s possession from his 1996 trial and
conviction for sexually assaulting his then 13-year old daughter, L.W.[1]  The trial court appointed counsel to
represent appellant.  See Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2004).  The State
responded to appellant=s motion and provided affidavits and
supporting documentation of the condition of the evidence.  The trial court granted the motion on April
24, 2002.  The Texas Department of Public
Safety Crime Laboratory examined the complainant=s fingernail
scraping, vaginal swab sample, oral swab sample, anal swab sample, and loose
evidence collection sample.  No DNA
evidence remained in any of those samples. 
DNA was extracted from appellant=s blood stain card
and from the complainant=s vaginal smear slides, oral smear slides,
and anal smear slides.  No DNA profile
was obtained from the anal or oral smear slides.  Although a partial DNA profile was obtained
from the vaginal smear slide, no male DNA was present.  On July 11, 2003, the trial court made
findings that the results were not favorable to appellant and that no
reasonable probability exists that he would not have been prosecuted or
convicted if the DNA results had been available before or during the
trial.  See Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon Supp. 2004).  Appellant filed a
premature, written notice of appeal.  See
Tex. R. App. P. 27.1(b)
(prematurely filed notice of appeal is deemed filed on the same day, but after,
the appealable order is signed).  

Standard of Review and Applicable Law








We apply the standard of review
established for trial court decisions regarding DNA testing under article 64.03
to challenges to a trial court=s finding under
article 64.04 of the Texas Code of Criminal Procedure.  Baggett v. State, 110 S.W.3d 704,
705-06 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  Appellate courts review a trial court=s decision to deny
DNA testing under article 64.03 using a bifurcated standard.  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim.
App. 2002).  Accordingly, we afford
almost total deference to the trial court=s determination of
issues of historical fact and the application of law to the fact issues that
turn on an evaluation of credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether  a reasonable
probability exists that DNA results are favorable or if it is reasonably
probable that, had the DNA results been available before or during trial, appellant
would not have been prosecuted or convicted. 
See id.

If a trial court orders post‑conviction
DNA testing under the Texas Code of Criminal Procedure, it has an obligation to
determine whether the results obtained are Afavorable to the
convicted person.@  Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon Supp.2004).  Results are Afavorable@ if, had the results
been available before or during the trial of the offense, it is Areasonably
probable that the person would not have been prosecuted or convicted.@  Id. In interpreting article 64.03,
courts have held the requirement that appellant establish by a preponderance of
the evidence that a Areasonable probability exists that
[appellant] would not have been prosecuted or convicted@ to mean an
appellant must show a reasonable probability that exculpatory DNA tests would Aprove [his]
innocence.@  Kutzner
v. State, 75 S.W.3d 427, 438-39 (Tex. Crim. App. 2002).  We apply the same review to challenges under
article 64.04.  See Baggett, 110
S.W.2d at 706. 








A Areasonable
probability@ of innocence exists when there is a Aprobability
sufficient to undermine confidence in the outcome.@  Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  A Areasonable
probability@ of innocence does not exist if there is
sufficient evidence, other than the evidence in question, to establish
guilt.  Rivera, 89 S.W.3d at
60.  Thus, a trial court does not err by
finding DNA test results Anot favorable@ if the post‑conviction
results fail to demonstrate a reasonable probability of innocence and there was
sufficient evidence, other than the evidence in question, to establish guilt.

Appellant=s Issue

In his sole point of error, appellant raises several issues
relating to his original conviction. 
Though he asserts the trial court erred in denying relief under his
post-conviction DNA motion, the substance of his argument concerns allegations
he did not receive a fair trial in 1996 because 
the prosecutor withheld exculpatory evidence.  These issues are outside the scope of an
appeal from post-conviction DNA proceedings.  Chapter 64 only authorizes the convicting
court to order DNA testing.  See Wolfe
v. State, 120 S.W.3d 368, 371-72 (Tex. Crim. App. 2003) (discussing scope
of appeals under article 64.05); 
State v. Patrick, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002)
(same).  

To the extent appellant actually seeks habeas relief, this
court is without jurisdiction.  See,
e.g., Watson v. State, 96 S.W.3d 497, 500 (Tex. App.CAmarillo 2002, pet. ref=d) (finding claim that the failure to
preserve biological material denied due process was request for application for
writ of habeas corpus).  We have no
original habeas corpus jurisdiction in felony criminal cases.  Tex.
Gov=t Code Ann. ' 22.221 (Vernon Supp. 2004).  To the extent appellant challenges his
original conviction, his issues are dismissed.








To the extent appellant contends the trial
court erred in finding his DNA test results were not favorable, his argument
also fails.  The DNA evidence test
results, in particular the vaginal smear slide, revealed no male DNA.  This result does not establish a reasonable
probability of innocence.  See Baggett,
110 S.W.2d at 707 (holding test result showing Ainconclusive male
pattern@ did not establish
a reasonable probability of innocence); see also Rivera, 89 S.W.3d at 56
(no reasonable probability of innocence where no DNA was found under appellant=s fingernails and
result from victim=s rape kit was negative).  Moreover, the evidence at trial sufficiently
established appellant=s guilt. 
His daughter, L.W., testified that appellant assaulted her.  A physical examination at the emergency room
confirmed her allegations.  L.W.=s mother testified
her daughter always had a good relationship with appellant, implying she would
have had no reason to falsely accuse him. 
The trial court did not err in finding that appellant=s DNA test results
were not favorable.  Had the results been
available before or during the trial of the offense, it is not reasonably
probable that appellant would not have been prosecuted or convicted.  See Tex.
Code Crim. Proc. Ann. Art. 64.04 (Vernon Supp. 2004).  Appellant=s sole issue is
overruled.

Accordingly, the judgment of the trial
court is affirmed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed March 16, 2004.

Panel consists
of Chief Justice Hedges and Justices Frost and Guzman.  

Do Not Publish C Tex. R.
App. P. 47.2(b).











[1]  This court
affirmed appellant=s conviction on direct appeal.  See Wright v. State, No.
14-96-01559-CR, 1198 WL 724009 (Tex. App.CHouston
[14th Dist.] Oct. 15, 1998, no pet.) (not designated for publication).