NO. 07-04-0238-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 1, 2004


______________________________



JUAN M. GONZALES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;



NO. 3380; HON. TOM NEELY, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Juan M. Gonzales appeals from an order overruling his motion for forensic DNA
testing. Through four issues, he contends the trial court denied him "due process . . . and
equal protection . . . as guaranteed by" the federal and state constitutions "by failing to
order [him] released from custody because the State destroyed . . . biological evidence
without affording [him] notice and complying with Tx. Crim. Pro. Art. 38.39, which prevented
[him] from obtaining the DNA testing requested." We affirm the order.

Background


 On July 29, 1993, appellant pled guilty to sexual assault of a child and was
sentenced to 20 years in prison. Later in that same year, evidence that had been sent to
the Texas Department of Public Safety (DPS) lab was destroyed due to storage reasons. 
On December 14, 2001, appellant filed a request for DNA testing pursuant to chapter 64
of the Texas Code of Criminal Procedure. The trial court appointed counsel for appellant,
and a hearing was held. At the hearing, appellant requested that the trial court take judicial
notice of two letters regarding evidence collected in his case. One letter represented that
evidence was in the possession of DPS while the other indicated that the same evidence
had been destroyed. The latter was dated November 2, 1993. After hearing argument, the
trial court overruled appellant's request. 

Standard of Review


 A trial court's denial of a motion for post-conviction DNA testing is reviewed under
a bifurcated process. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), citing
Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App.1997). That is, we are to afford almost
total deference both to the trial court's determination of historical fact and to its application
of law to those fact issues which turn on the credibility and demeanor of witnesses. Rivera,
89 S.W.3d at 59. Yet, all other issues are reviewed by us de novo. Id. And, in the latter
category normally falls the ultimate issue in post-conviction DNA testing cases, that being
"whether a reasonable probability exists that exculpatory DNA would prove innocence." 
Id.

Application of Standard


 First, to the extent appellant invokes art. 38.39 of the Code of Criminal Procedure,
we hold that the complaint was not preserved. This is so because the statute was not
mentioned below. Instead, appellant cited art. 64.02 of the same Code as basis for his
contention that the State had a duty to preserve the biological evidence. So, because the
grounds for his assertion below did not include art 38.39, the latter cannot be used as a
means for reversing the trial court's decision on appeal. See Coffey v. State, 796 S.W.2d
175, 179 (Tex. Crim. App. 1990) (stating that the objection raised on appeal must comport
with that asserted at trial). 

 Second, and assuming arguendo that his argument involving the application of art.
38.39 had been preserved, we cannot afford appellant the relief he requested. In short, he
wants us to order his release because the State purportedly violated the article by
destroying biological evidence. We lack jurisdiction to do that. Watson v. State, 96 S.W.3d
497, 500 (Tex. App.-Amarillo 2002, pet. ref'd).

 Third, and again assuming arguendo that his argument involving the application of
art 38.39 had been preserved, we nonetheless find the provision inapposite. This is so
because art. 38.39 did not become effective until April 5, 2001. Act of April 3, 2001, 77th
Leg., R.S., ch. 2, § 6, 2001 Tex. Gen. Laws 2, 5. The statute having been non-existent at
the time the evidence was destroyed in 1993, it logically could not impose upon the State
any obligation to preserve the evidence when same was destroyed in 1993. See Johnston
v. State, 99 S.W.3d 698, 702 (Tex. App.-Texarkana 2003, pet. ref'd) (stating that the State
could have destroyed the evidence prior to the enactment of art. 38.39 but because it did
not, it had to comply with the requirements of the statute).

 Finally, appellant cites no case authority supporting his contention that the failure
to preserve the evidence violated his constitutional rights to due process, equal protection,
and access to the courts. Thus, he has not met his appellate burden. Bell v. State, 90
S.W.3d 301, 305 (Tex. Crim. App. 2002). Moreover, because art. 38.39 is inapplicable,
given the circumstances before us, we cannot but reject the contention that since no
remedy is provided by the statute, the situation somehow denies appellant of the
aforementioned constitutional guarantees.

 Accordingly, we overrule each issue and affirm the order of the trial court.


 Brian Quinn

 Justice

 

 

Do not publish.