NO. 07-04-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 1, 2004

_____

JUAN M. GONZALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3380; HON. TOM NEELY, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Juan M. Gonzales appeals from an order overruling his motion for forensic DNA testing. Through four issues, he contends the trial court denied him "due process . . . and equal protection . . . as guaranteed by" the federal and state constitutions "by failing to order [him] released from custody because the State destroyed . . . biological evidence without affording [him] notice and complying with Tx. Crim. Pro. Art. 38.39, which prevented [him] from obtaining the DNA testing requested." We affirm the order.

### *Background*

On July 29, 1993, appellant pled guilty to sexual assault of a child and was sentenced to 20 years in prison. Later in that same year, evidence that had been sent to

the Texas Department of Public Safety (DPS) lab was destroyed due to storage reasons. On December 14, 2001, appellant filed a request for DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure. The trial court appointed counsel for appellant, and a hearing was held. At the hearing, appellant requested that the trial court take judicial notice of two letters regarding evidence collected in his case. One letter represented that evidence was in the possession of DPS while the other indicated that the same evidence had been destroyed. The latter was dated November 2, 1993. After hearing argument, the trial court overruled appellant's request.

### Standard of Review

A trial court's denial of a motion for post-conviction DNA testing is reviewed under a bifurcated process. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), *citing Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App.1997). That is, we are to afford almost total deference both to the trial court's determination of historical fact and to its application of law to those fact issues which turn on the credibility and demeanor of witnesses. *Rivera,* 89 S.W.3d at 59. Yet, all other issues are reviewed by us *de novo*. *Id.* And, in the latter category normally falls the ultimate issue in post-conviction DNA testing cases, that being "whether a reasonable probability exists that exculpatory DNA would prove innocence." *Id.*

### Application of Standard

First, to the extent appellant invokes art. 38.39 of the Code of Criminal Procedure, we hold that the complaint was not preserved. This is so because the statute was not mentioned below. Instead, appellant cited art. 64.02 of the same Code as basis for his contention that the State had a duty to preserve the biological evidence. So, because the

2

grounds for his assertion below did not include art 38.39, the latter cannot be used as a means for reversing the trial court's decision on appeal. *See Coffey v. State,* 796 S.W.2d 175, 179 (Tex. Crim. App. 1990) (stating that the objection raised on appeal must comport with that asserted at trial).

Second, and assuming *arguendo* that his argument involving the application of art. 38.39 had been preserved, we cannot afford appellant the relief he requested. In short, he wants us to order his release because the State purportedly violated the article by destroying biological evidence. We lack jurisdiction to do that. *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.–Amarillo 2002, pet. ref'd).

Third, and again assuming *arguendo* that his argument involving the application of art 38.39 had been preserved, we nonetheless find the provision inapposite. This is so because art. 38.39 did not become effective until April 5, 2001. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 6, 2001 Tex. Gen. Laws 2, 5. The statute having been non-existent at the time the evidence was destroyed in 1993, it logically could not impose upon the State any obligation to preserve the evidence when same was destroyed in 1993. *See Johnston v. State,* 99 S.W.3d 698, 702 (Tex. App.–Texarkana 2003, pet. ref'd) (stating that the State could have destroyed the evidence prior to the enactment of art. 38.39 but because it did not, it had to comply with the requirements of the statute).

Finally, appellant cites no case authority supporting his contention that the failure to preserve the evidence violated his constitutional rights to due process, equal protection, and access to the courts. Thus, he has not met his appellate burden. *Bell v. State*, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002). Moreover, because art. 38.39 is inapplicable, given the circumstances before us, we cannot but reject the contention that since no

3

remedy is provided by the statute, the situation somehow denies appellant of the aforementioned constitutional guarantees.

Accordingly, we overrule each issue and affirm the order of the trial court.


                                        Brian Quinn
                                          Justice


Do not publish.