Opinion filed October 13, 2005

 




 
 
  
 
 







 
 
  
 
 




 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-03-00093-CR 

 

                                                    __________

 

                                ALONZO DIEGO FULLER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                   Trial
Court Cause No. 12,265

 



 

                                                                   O
P I N I O N

 

This is an appeal from the trial court=s order denying Alonzo Diego Fuller=s motion for DNA testing pursuant to
TEX. CODE CRIM. PRO. ANN. art. 64.01 (Vernon Pamph. Supp. 2004 - 2005).  We affirm. 








In 1991, a jury convicted appellant of aggravated
sexual assault, found the enhancement allegations to be true, and assessed his
punishment at confinement for 99 years. 
This court affirmed the conviction in Fuller v. State, 858 S.W.2d
528 (Tex.App. - Eastland 1993, pet=n
ref=d). 
In 2002, appellant filed his motion for DNA testing alleging that the
testing techniques developed after his conviction were more accurate than the
testing available at the time of trial. 
Appellant contended that there was a substantial likelihood that, if the
physical evidence from the trial were tested with the newer techniques, the
results would exclude him as the perpetrator of the offense. The trial court
denied the motion.

In his sole issue, appellant argues that the trial
court erred because the physical evidence was destroyed in violation of TEX.
CODE CRIM. PRO. ANN. art. 38.39 (Vernon 2005). 
Appellant contends that the destruction of the evidence violated his
federal and state constitutional due process rights and prays that the case be
remanded to the trial court with instructions to conduct a new trial. 

Article 38.39 provides for the preservation of
biological evidence and became effective on April 5, 2001.  It is uncontroverted that the physical
evidence was destroyed prior to the effective date of Article 38.39.  Brown County District Clerk Jan Brown
testified that the physical evidence was destroyed on February 27, 2001.  Therefore, Article 38.39 is not applicable to
the present case.  See Watson
v. State, 96 S.W.3d 497 (Tex.App. - Amarillo 2002, pet=n ref=d).

At the time in question, TEX. CODE CRIM. PRO. ANN.
art. 2.21 (Vernon 2005) controlled the destruction of exhibits.  Brown=s
testimony that, on January 3, 2001, she mailed the required Article 2.21 notice
to appellant=s counsel
at trial was uncontroverted.  Brown
testified that she waited Aa
little longer@ than
required under Article 2.21 and that, when no response was received, she
presented the order for the destruction of the exhibits to the trial
court.  The trial court signed the order,
and the exhibits were destroyed.

Article 2.21 does not require that counsel receive
the notice, only that the clerk of the trial court mail the notice to the Aattorney representing the defendant@ and wait 30 days for a response.  The record before this court reflects that
the requirements of Article 2.21 were met. 
As the Amarillo Court of Appeals noted in Watson, even if Article
38.39 did apply retroactively to this case, Article 38.39 does not provide for
a new trial in the event its requirements are not met.  Watson v. State, supra at
499-500.  The sole issue is overruled.

The order of the trial court is affirmed.

 

PER CURIAM

October 13, 2005

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.