COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-400-CR

 

 

JERALD EUGENE SARK                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Jerald Eugene Sark
filed a Notice of Interlocutory Appeal seeking to appeal Aany and all decisions of the [trial] court to date.@  On October 28, 2005, we sent
appellant a letter stating our concern that we did not have jurisdiction over
the appeal because the trial court had not entered any final, appealable
orders.  We also told appellant that if
he or any party desiring to continue the appeal did not file, by November 11,
2005, a response showing grounds for continuing the appeal, we would dismiss
the appeal for want of jurisdiction.  See
Tex. R. App. P. 44.3. 

Appellant filed a timely
response in the form of a petition for writ of habeas corpus, in which he
claims that the trial court denied his pretrial motion to quash by failing to
rule on it.[2]  Appellant=s response does not show grounds for continuing the appeal.  Even if the trial court=s failure or refusal to rule on appellant=s motion to quash amounted to a denial of the motion, such a ruling
would nevertheless be interlocutory and not appealable.  See McKown v. State, 915 S.W.2d 160,
161 (Tex. App.CFort Worth
1996, no pet.).  In addition, none of the
other trial court=s rulings
appears to be appealable.  See id.  We dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

PANEL D:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:
December 15, 2005











[1]See Tex.
R. App. P. 47.4.





[2]We do not have original habeas
corpus jurisdiction in a criminal case.  Tex. Gov=t Code
Ann. ' 22.221(d) (Vernon 2004); Watson
v. State, 96 S.W.3d 497, 500 (Tex. App.CAmarillo 2002, pet. ref=d).