COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-400-CR

JERALD EUGENE SARK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jerald Eugene Sark filed a Notice of Interlocutory Appeal seeking to appeal “any and all decisions of the [trial] court to date.”  On October 28, 2005, we sent appellant a letter stating our concern that we did not have jurisdiction over the appeal because the trial court had not entered any final, appealable orders.  We also told appellant that if he or any party desiring to continue the appeal did not file, by November 11, 2005, a response showing grounds for continuing the appeal, we would dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 44.3. 

Appellant filed a timely response in the form of a petition for writ of habeas corpus, in which he claims that the trial court denied his pretrial motion to quash by failing to rule on it.
(footnote: 2)  Appellant’s response does not show grounds for continuing the appeal.  Even if the trial court’s failure or refusal to rule on appellant’s motion to quash amounted to a denial of the motion, such a ruling would nevertheless be interlocutory and not appealable.  
See McKown v. State
, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  In addition, none of the other trial court’s rulings appears to be appealable.  
See id
.  We dismiss the appeal for want of jurisdiction
.  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).

PER CURIAM

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 15, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We do not have original habeas corpus jurisdiction in a criminal case.  
Tex. Gov’t Code Ann.
 § 22.221(d) (Vernon 2004); 
Watson v. State
, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref’d).