In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00028-CR


______________________________




DICK WAYNE BLANCHARD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 21957




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A jury found Dick Wayne Blanchard guilty of indecency with a child, a second-degree felony,
based on the allegations contained in the indictment and proven at trial. See Tex. Penal Code Ann.
§ 21.11 (Vernon 2003). The applicable punishment range was enhanced to that of first-degree felony
because Blanchard had been previously convicted of a felony offense. See Tex. Penal Code Ann.
§ 12.42(b) (Vernon Supp. 2006). The jury assessed Blanchard's punishment at life imprisonment. 
In a separate case, Blanchard was also convicted of sexual assault, the punishment for which was
also set at life imprisonment. Blanchard has appealed both convictions in separate appeals, but the
issues raised in both cases are identical.

 Since the briefs and arguments raised in each appeal are identical, for the reasons stated in
Blanchard v. State, cause number 06-07-00027-CR, we likewise conclude Blanchard has presented
this Court with no reversible error and affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: September 27, 2007

Date Decided: October 25, 2007


Do Not Publish



______




EX PARTE TERRY LEWIS MILLER




                                                                                                                                                             

Original Habeas Corpus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter



MEMORANDUM OPINION
            Terry Lewis Miller seeks post-conviction relief pursuant to Chapter Eleven of the Texas
Code of Criminal Procedure.


 Miller has asked us to provide additional judicial review of his Gregg
County conviction for aggravated assault.


 
            In his application, Miller first contends he received ineffective assistance of counsel at trial. 
He next asserts his guilty plea was not willingly and voluntarily given. Finally, Miller asks this
Court to provide him with copies of his appellate record pursuant to Article 40.09 of the Texas Code
of Criminal Procedure so that he may seek additional relief elsewhere.



            This Court's original and appellate jurisdiction is limited by the Texas Constitution and by
the statutes promulgated by the Texas Legislature. The Texas Constitution grants this Court with
original jurisdiction only in cases where specifically prescribed by law. Tex. Const. art. V, § 6. As
it relates to the case now before us, we are not among the list of courts authorized by the Texas
Legislature to issue post-conviction writs of habeas corpus; only the Texas Court of Criminal
Appeals, the district courts, the county courts, and any judge of those courts, have the power to issue
post-conviction writs of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 1977). 
We also are not authorized under Tex. Gov't Code Ann. § 22.221 (Vernon 2004) to consider an
original habeas corpus application. Our law requires that post-conviction applications for writs of
habeas corpus, for felony cases in which the death penalty was not assessed, be filed in the court of
original conviction, made returnable to the Texas Court of Criminal Appeals. Tex. Code Crim.
Proc. Ann. art. 11.07(3)(a)( b) (Vernon Supp. 2004–2005). We are, therefore, without jurisdiction
to consider Miller's post-conviction application for writ of habeas corpus. See Watson v. State, 96
S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd) (dismissing two points of error within
appeal of denial of motion for post-conviction DNA testing because those points of appeal amounted
to request for original habeas relief, which court was without jurisdiction to grant).
            We dismiss Miller's application for a post-conviction writ of habeas corpus in this case for
want of jurisdiction.

                                                                                    Jack Carter
                                                                                    Justice

Date Submitted:          September 9, 2004
Date Decided:             September 10, 2004

Do Not Publish