COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ROBERT A. ALLEN, | | No. 08-07-00301-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 33813) |
| | § | |
| | § | |

**O P I N I O N**

This is a pro se appeal from the trial court's denial of his motion for post-conviction DNA testing. We find no course other than to affirm.

Appellant was convicted of aggravated kidnapping, and sentenced to life in prison on January 4, 1979. In December 2005, through his appointed attorney, Appellant filed a motion for post-conviction DNA testing pursuant to Article 64 of the Texas Code of Criminal Procedure. Appellant sought testing of biological material collected during the victim's medical examination following the alleged incident. On February 23, 2006, the trial court held an evidentiary hearing during which the State presented the following witnesses: Mike Martinez, the custodian of evidence in the El Paso District Clerk's Office; Ann Marie Falknor, a supervising forensic scientist with the Texas Department of Public Safety crime laboratory; and Bonnie Prieto, the administrator for records management for El Paso County. Sergeant Eddie Smith, the Evidence Custodian for the El Paso Police Department testified by affidavit.

Mr. Martinez testified that he searched the District Clerk's evidence office in the El Paso County Courthouse, the District Clerk's external storage facility, his office's archives department, and the El Paso County Sheriff's Department for evidence and records related to Appellant's criminal trial but was unable to locate anything. Ms. Falknor testified that she searched her office's records and the evidence storage vaults, but was unable to locate any evidence related to Appellant's case. Ms. Prieto, testified that her office was responsible for storage and retention of all records generated by the County, including those generated by the district attorney's office and the county clerk. The County office does not handle the storage and maintenance of biological evidence. According to Ms. Prieto, the documentary record in Appellant's case was destroyed according to the County's retention schedule in December of 1999. Sargent Smith's affidavit states that he searched the El Paso Police Department's records for any evidence, including biological material related to Appellant's criminal trial. The sergeant testified that he did not find any evidence in the department's possession. Appellant did not present any evidence at the hearing. At the close of evidence, the trial court determined there was no evidence available for DNA testing, and denied Appellant's motion. Appellant chose to proceed *pro se* on appeal.

Appellant's brief raises three issues challenging the destruction of the trial record and evidence related to his criminal conviction. Appellant argues the destruction of evidence has violated his due process rights, his right to a fair trial, and his ability to present an adequate brief on appeal. Appellant also argues that due to the destruction of the evidence, he is entitled to a new trial. Because we do not have jurisdiction to consider these arguments, we must overrule all three issues.

Jurisdiction must be vested in a court by constitution or statute. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Article V, section 6 of the Texas Constitution provides that courts of appeals shall, "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6. When the issue is the preservation of evidence containing biological material, the Code of Criminal Procedure does not provide for any relief by the lower court, nor does it authorize a regular appeal. TEX.CODE CRIM. PROC.ANN. art. 38.39 (Vernon 2005). In a non-capital case, an appeal from the denial of a motion for post-conviction DNA testing, is limited to review of the trial court's findings. *See* TEX.CODE CRIM.PROC.ANN. art. 64 (Vernon Supp. 2009); *Watson v. State*, 96 S.W.3d 497, 500 (Tex.App.--Amarillo 2002, pet. ref'd).

Appellant's complaints regarding the State's destruction of biological evidence, are not valid in an appeal from the denial of a motion for DNA testing. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex.App.--Houston [1st Dist.] 2004, no pet.). Appellant's issues are effectively requests for habeas relief, over which an appellate court has no jurisdiction. *See* TEX.GOVT. CODE ANN. § 22.221 (Vernon 2004); *Watson*, 96 S.W.3d at 500. Accordingly, we overrule Issues One, Two and Three.

In the interests of justice, we will consider the trial court's determination that testable evidence does not exist in this case. When reviewing a trial court's decision regarding a post-conviction motion for DNA, we are required to afford near total deference to the court's determination of historical facts, and application-of-law-to-fact issues which turn on evaluation of credibility and demeanor. *See Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). Only questions of law are subject to *de novo* review. *Id.*

-3-

Under Article 64.01(b), a defendant may request the convicting court to permit forensic DNA testing of evidence containing biological material that was in the State's possession during trial, if that evidence: (1) was not previously subject to DNA testing because DNA testing was not available; (2) was not previously subjected to DNA testing because DNA testing was available but not technologically capable of providing probative results; (3) was not previously subjected to DNA testing, through no fault of the convicted person, for reasons that are of a nature such that the interests of justice require DNA testing; or (4) was previously subjected to DNA testing, but can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. *See* TEX.CODE CRIM.PROC.ANN. art. 64.01 (Vernon Supp. 2009). The defendant must also demonstrate by a preponderance of the evidence that: (1) he would not have been convicted if exculpatory results had been obtained through DNA testing; and (2) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. *See* TEX.CODE CRIM.PROC.ANN. art. 64.03(a)(2)(Vernon Supp. 2009); *Hooks v. State*, 203 S.W.3d 861, 863 (Tex.App.--Texarkana 2006, pet. ref'd). A trial court can only order forensic DNA testing if the statutory requirements are met. *Bell v. State*, 90 S.W.3d 301, 306 (Tex.Crim.App. 2002).

Given the deference afforded to the trial court's determination, and the quantum of evidence introduced establishing the non-existence of biological material in this case, the only conclusion left for us is that the court did not err in denying Appellant's motion for DNA testing.

Having overruled all of Appellants issues and having concluded the trial court's determination was not in error, we affirm the order denying Appellant's motion for post-

conviction DNA testing.

February 26, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Garcia, Judge
Garcia, Judge (Sitting by Assignment)

(Do Not Publish)