*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★          ★ ★ ★

## MEMORANDUM OPINION

No. 04-10-00685-CR

**IN RE** Alireza T. **CHAPEL**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: October 6, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On September 21, 2010, relator Alireza T. Chapel filed a petition entitled "Application for Writ of Habeas Corpus Extradition." While this court has no original habeas corpus jurisdiction, because the substance of relator's complaint is that the trial court has failed to rule on his petitions for writ of habeas corpus filed in the trial court, we construe the filing as a petition for writ of mandamus. *See Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.).

However, counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid

---

[1] This proceeding arises out of Cause No. 2010-CR-6596W, styled *State of Texas v. Alireza T. Chapel*, pending in the 290th Judicial District Court, Bexar County, Texas, the Honorable Sharon MacRae presiding.

representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* petition filed in the criminal proceeding pending in the trial court. Accordingly, the petition is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH