

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00335-CR

**IN RE** Sebastian **PEREZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  June 5, 2013

PETITION FOR WRIT OF MANDAMUS DENIED;
PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On May 29, 2013, relator Sebastian Perez filed: (1) a petition for writ of mandamus, complaining of the trial court's failure to rule on his *pro se* writ of habeas corpus; and (2) a petition for writ of habeas corpus, requesting that this court order the district court to release him or reduce his bond.

With regard to the petition for writ of mandamus, the trial court's records reflect that counsel has been retained to represent relator in the pending criminal proceedings for which he is currently confined.  A criminal defendant is not entitled to hybrid representation.  *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).  A trial court has no legal duty to rule on *pro se* motions or petitions

---

[1]This proceeding arises out of Cause Nos. 2012CR2447 & 2012CR2448, styled *The State of Texas v. Sebastian Perez*, pending in the 399th Judicial District Court, Bexar County, Texas, the Honorable Ray Olivarri presiding.

filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* petition. Accordingly, the petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

With regard to the petition for writ of habeas corpus, this court, as an intermediate court of appeals, is not authorized to grant the relief requested. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). Therefore, the petition for writ of habeas is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH