

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-16-00471-CR

___

EX PARTE MARK DEWAYNE HALLCY

___

ORIGINAL PROCEEDING

___

December 30, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appearing pro se, applicant Mark Dewayne Hallcy has filed an original proceeding in this court seeking a writ of habeas corpus. Hallcy's filing states he is accused of committing the offense of aggravated assault with a deadly weapon and has been held in jail for over ninety days without indictment. He seeks a writ compelling his release, release on a personal bond, or a bail reduction.[1] The filing makes reference to a "pending" proceeding in a district court but it gives no indication Hallcy has sought from the district court the relief he requests here.

___

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2015) (providing that a defendant detained in jail may be entitled to either a personal-recognizance bond or a bail reduction if he is accused of a felony and the State is not ready for trial within ninety days from the commencement of detention).

An intermediate court of appeals does not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004) (original habeas corpus jurisdiction of intermediate courts of appeals limited to civil matters); *Watson v. State,* 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. refused) (citing *Ex parte Hawkins,* 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, no pet.)). Instead, habeas jurisdiction in criminal proceedings rests with the Texas Court of Criminal Appeals, the district courts, and the county courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); *Watson,* 96 S.W.3d at 500.

Moreover, Hallcy is represented by counsel. Even were we authorized to address the merits of his complaint we would not do so because a defendant in a criminal law matter, represented by counsel, is not entitled to a hybrid representation. *See Ex parte Bohannan,* 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (stating because habeas applicant was represented by counsel and not entitled to hybrid representation, court would disregard and take no action on the "numerous" submissions he filed pro se); *In re Foster,* No. 14-16-00928-CR, 2016 Tex. App. LEXIS 12476, at *1 (Tex. App.—Houston [14th Dist.] Nov. 22, 2016, orig. proceeding) (per curiam) (not designated for publication) ("The absence of a right to hybrid representation means that a relator's pro se mandamus petition should be treated as presenting nothing for this court's review") (citing *Gray v. Shipley,* 877 S.W.2d 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (per curiam)).

Because Hallcy seeks relief we have no jurisdiction to grant, his application for writ of habeas corpus is dismissed.

Per Curiam

Do not publish.