

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-19-00239-CR
No. 07-19-00240-CR
_____

IN RE DALLAS JAMES MOORE

Original Proceeding Arising Out Of Proceedings
Before the 320th District Court Of Potter County, Texas
Trial Court Nos. 72,940-D & 72,941-D; Honorable Pamela C. Sirmon, Presiding

July 3, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Dallas James Moore, proceeding *pro se*, has filed a document entitled "Affidavit/Declaration" by which he seeks a pretrial release from incarceration and claims that his right to a speedy trial in trial court cause numbers 72,940-D and 72,941-D has been violated.[1] Although inartfully drafted, we construe his filing as a pretrial application

---

[1] Attached to his document is a copy of a transcript from a hearing held on April 28, 2017, on his then-court-appointed counsel's motion to withdraw based on Mr. Moore's communication with the State Bar of Texas. At the conclusion of the hearing, the trial court continued appointed counsel's representation of Mr. Moore.

for a writ of habeas corpus. He contends he is being illegally detained in the Potter County Detention Center and that he should have been released on personal recognizance bonds in the pending cases.

## APPLICABLE LAW

Intermediate appellate courts have authority to issue writs of habeas corpus to persons restrained in the courts' respective districts by virtue of a court order in a civil case. TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2018). Intermediate appellate courts do not have original habeas corpus jurisdiction in criminal law matters. *See Watson v. State*, 96 S.W.3d 497, 500 (Tex. App—Amarillo 2002, pet. ref'd). Instead, habeas corpus jurisdiction in criminal proceedings rests with the Texas Court of Criminal Appeals, the district courts, and the county courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015).

## CONCLUSION

Mr. Moore's allegation that he is being illegally detained arises from criminal proceedings. Consequently, we dismiss his application for a pretrial writ of habeas corpus for want of jurisdiction.

Per Curiam

Do not publish.