

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00144-CR

---

## EX PARTE CHRISTOPHER BRANTLEY

---

## ORIGINAL PROCEEDING

---

April 23, 2024

## MEMORANDUM OPINION

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Christopher Brantley, proceeding pro se, seeks relief from his 2013 conviction via a writ of habeas corpus, mistakenly titled "Writ of Mandamus."[1]  He asserts the State withheld exculpatory evidence.  For the reasons expressed herein, we dismiss his request for want of jurisdiction.

This Court's original jurisdiction to issue writs of habeas corpus is limited.  *See* TEX. GOV'T CODE ANN. § 22.221(d).  Article 11.05 of the Texas Code of Criminal Procedure provides that a writ of habeas corpus may be issued by the Court of Criminal Appeals,

---

[1] Brantley brought a related challenge to his 2013 conviction in *In re Brantley*, No. 07-13-00141-CR, 2013 Tex. App. LEXIS 6210, at *1 (Tex. App.—Amarillo May 20, 2013, orig. proceeding).

district courts, county courts, or any judge of those courts. TEX. CODE CRIM. PROC. ANN. art. 11.05. *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo pet. ref'd). Courts of appeal are not designated as having jurisdiction to entertain or issue writs of habeas corpus. Additionally, article 11.07 of the Texas Code of Criminal Procedure vests exclusive jurisdiction ultimately in the Texas Court of Criminal Appeals after an application for relief is filed with the clerk of the court in which the conviction being challenged was obtained. Art. 11.07, § 3(b).

Consequently, Brantley's request for a writ of habeas corpus is dismissed for want of jurisdiction.

Alex Yarbrough
Justice

Do not publish.