Opinion issued November 24, 2004












In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-01024-CR
          01-03-01025-CR
____________

VICTOR RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause Nos. 384426, 384509




MEMORANDUM OPINION
          Appellant, Victor Ramirez, appeals the trial court’s denial of his motion for
post-conviction DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon
Supp. 2004-2005). We determine (1) whether appellant’s counsel properly concluded
that this appeal is frivolous and (2) whether appellant’s pro se challenge that he was
denied federal and state due process when the State destroyed DNA evidence is an
arguable ground for appeal over which we have subject-matter jurisdiction. We
affirm.
Facts
          After a bench trial in 1983, in trial court cause number 384,426 (appellate
cause number 01-03-01024-CR), the trial court convicted appellant of aggravated
sexual assault and assessed his punishment at life in prison. In January 1984, in trial
court cause number 384,509 (appellate cause number 01-03-01025-CR), appellant
pleaded no contest to aggravated rape, and the trial court assessed punishment at 10
years in prison. In 2002, appellant moved for post-conviction DNA testing in both
causes. The State responded by filing, in each cause, three affidavits averring that the
relevant evidence could not be located or had been destroyed. The trial court entered
fact findings and legal conclusions that, among other things, no evidence existed or
was in a sufficient condition for DNA testing. 
Anders Brief
          Appellant’s counsel has filed a brief stating his conclusion that the appeal is
frivolous because the record establishes that no evidence was available for DNA
testing. The brief meets the requirements of Anders v. California by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for error on appeal. See id., 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Appellant’s counsel explains that, because the record shows that no testable evidence
exists, appellant cannot prevail in showing that the trial court abused its discretion by
denying DNA testing. 
           After a defendant moves for DNA testing, the State must either deliver the
evidence to the court or explain in writing why it cannot do so. See Tex. Code Crim.
Proc. Ann. art. 64.02(2) (Vernon Supp. 2004-2005). A court may order testing only
if, among other things, the evidence still exists and is in testable condition. See id.
art. 64.03(a)(1)(A)(i) (Vernon Supp. 2004-2005). A trial court’s determination of
whether any evidence exists or is in a condition to be tested is a determination of
historical fact, to which we afford almost total deference on appeal. Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002). A trial court does not abuse its discretion
in finding that there is no testable evidence when, for example, the State’s written
explanation or testimony or records from appropriate officials show that no biological
evidence exists to test. See Shannon v. State, 116 S.W.3d 52, 54-55 (Tex. Crim. App.
2003) (upholding trial court’s conclusion that no biological materials existed based
upon affidavits along lines of those in current case), cert. denied, ___ U.S. ___, 125
S. Ct. 75 (2004); Caddie v. State, No. 01-03-00570-CR, 2004 WL 1585298, at * 2-3
(Tex. App.—Houston [1st Dist.] July 15, 2004, no pet.) (affidavits); Watson v. State,
96 S.W.3d 497, 499 (Tex. App.—Amarillo 2002, pet. ref’d) (upholding trial court’s
conclusion that no biological materials existed to test based upon sheriff’s testimony
that no record existed of materials’ return to crime laboratory; that, if materials had
been returned, they would have been destroyed; that sheriff had no recollection of
whether materials had been destroyed; and that materials could not be located in
sheriff’s office). 
          The record supports the trial court’s finding that no evidence exists to test in
either cause.


 Based on the affidavits presented, we agree with appellate counsel that
appellant could not prevail in a challenge that the trial court abused its discretion in
this finding and conclusion.
Jurisdiction to Consider Post-Conviction DNA Testing
          Appellant has filed a pro se response to counsel’s Anders brief. If an appellant
raises an arguable ground for appeal in such a pro se response, we may remand the
appeal for new counsel to be appointed to urge the ground; otherwise, we will affirm. 
See Henry v. State, 948 S.W.2d 338, 341 (Tex. App.—Dallas 1997, no pet.). 
          In the sole issue raised in his pro se response, appellant asserts that he was
denied federal due process and state due course of law because the State failed to
preserve evidence that could have proven his innocence when subjected to DNA
testing. See U.S. Const. amend. XIV; Tex. Const. art. I, § 9. This Court has already
held that it has no jurisdiction to consider such a challenge in a chapter 64 appeal. 
Chavez v. State, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.);
see Watson, 96 S.W.3d at 500.
Conclusion
          We hold that appellant’s pro se response has not raised an arguable ground for
appeal. We have also discharged our responsibility upon the filing of an Anders brief
to search the record for possible reversible error, but have found none. Accordingly,
we affirm the trial court’s judgment.
          We grant appellate counsel’s motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that
counsel still has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Court
of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).
 


                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).