NO. 07-06-0017-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2006

_____

IN RE JOHANSON LEE WATSON, RELATOR

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relator Johanson Lee Watson, an indigent inmate, seeks a writ of mandamus to compel the Honorable Tom Neely to consider and rule on certain motions. Presenting four issues, relator maintains he is entitled to mandamus relief. For the reasons expressed herein, we must deny the request for a writ.

Pursuant to a plea of guilty, in 1997, appellant was convicted of sexual assault in the 46th District Court of Wilbarger County. In 2001, the convicting court denied relator's motion for DNA testing reciting that "no evidence containing biological material has been preserved, and that identity was not and is not an issue in this case." The trial court's

ruling was affirmed by this Court in Watson v. State, 96 S.W.3d 497 (Tex.App.–Amarillo 2002, pet. ref'd). In May 2003, pursuant to relator's inquiry, the Texas Department of Public Safety notified him that evidence samples used in his case were still being preserved in the Department's laboratory.

Relator must satisfy three requirements to establish his entitlement to the issuance of a writ of mandamus, to-wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly filed and pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. In re Villarreal, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). *See also* In re Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding); *In re Villarreal*, 96

S.W.3d at 710 n.2 (filing something with the district clerk does not demonstrate that a motion has been brought to the trial court's attention).

Several copies of documents presumably filed in the convicting court accompany relator's petition for writ of mandamus. On August 29, 2005, he filed a motion in the convicting court requesting appointment of counsel to pursue a motion for DNA testing pursuant to article 11.07, section four of the Texas Code of Criminal Procedure. A motion for leave to subpoena or call potential witnesses was filed on September 12, 2005, and on September 19, 2005, he filed a motion for leave for supplemental [sic] and exhibits.

According to copies of three letters dated October 5, November 1, and December 19, 2005, relator corresponded with the Wilbarger County District Clerk inquiring on the disposition of his motions. A copy of the District Clerk's response to relator's October 5th inquiry indicates his request was forwarded to his attorney, Earl Griffin. The limited record before us also contains a file-stamped motion dated November 29, 2005, for leave to compel the District Judge of Wilbarger County to act on relator's petition for writ of habeas corpus. Nothing in the scant record demonstrates presentation of the motions to the trial court and a refusal to act. We conclude relator has not satisfied the burden to show his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837.

Accordingly, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice

3