Oscar Humberto CHAVEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00921–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 19, 2004.

Ernest Davila, Houston, TX, for Appellant.

Peyton Z. Peebles, III, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney—Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and HIGLEY.

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, Oscar Humberto Chavez, in 1989, pleaded no contest to aggravated sexual assault of a child and the trial court sentenced him to 45 years' confinement. In 2002, appellant filed a motion for post-conviction DNA testing, which the trial court denied. In a single point of error, appellant contends that the State denied him due process of law[1] by destroying material DNA evidence.

## BACKGROUND

Without a hearing, the trial court denied appellant's motion for DNA testing and adopted the State's proposed findings of fact. Appellant filed a *pro se* notice of appeal, specifically appealing the trial court's denial of post-conviction DNA testing. However, in his brief, appellant, who is now represented by appointed counsel, contends instead that the State denied him due process by destroying material DNA evidence.

## DISCUSSION

We have no jurisdiction to consider appellant's complaint.

1. U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

Jurisdiction must be vested in a court by constitution or statute. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim. App.1996). Article V, Section 6 of the Texas Constitution provides that the courts of appeals shall "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. When the issue is the preservation of evidence containing biological material, the Code of Criminal Procedure does not provide for any relief by the lower court, nor authorize an appeal to a court of appeals. TEX.CODE CRIM. PROC. ANN. art. 38.39 (Vernon 2001); *Watson v. State,* 96 S.W.3d 497, 500 (Tex. App.-Amarillo 2002, pet. ref'd). In addition, in a non-capital case, an appeal to this Court from the denial of a motion for post-conviction DNA testing is limited to findings by the lower court. TEX.CODE CRIM. PROC. ANN. art. 64 (Vernon 2001); *Watson,* 96 S.W.3d at 500 (appeal to appellate court limited to findings by the convicting court under article 64.03 or 64.04).

Here, appellant alleges that his constitutional right to due process of law was violated when the State destroyed material DNA evidence, but he does not attack the findings of the trial court. Therefore, appellant's claim is not valid as an appeal from the denial of a motion for DNA testing under article 64. TEX.CODE CRIM. PROC. ANN. art. 64 (Vernon 2001); *Watson,* 96 S.W.3d at 500. In effect, appellant's claim amounts to a request for habeas relief. *Watson,* 96 S.W.3d at 500. A court of appeals does not have original habeas corpus jurisdiction in felony cases. TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp.2004).

Accordingly, we dismiss for want of jurisdiction. *See Johnston v. State,* 99 S.W.3d 698, 702–03 (Tex.App.-Texarkana 2003, pet. ref'd) (to the extent appellant sought release because the State failed to preserve evidence possibly containing biological material, appellate court determined it would have no jurisdiction to grant him that remedy) (citing *Watson,* 96 S.W.3d at 500).