

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

## NO. 2-08-242-CR

---

JAMES DONALD WESTFALL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant James Donald Westfall, a pro se inmate, attempts to appeal the trial court's denial of his "Motion to Withdraw the Destruction or Removal of Any and All Evidence Related to Material Facts, Testimony, Documents Tangible Objects, Photographs, Electronic Media, Computer Files and Exhibits Presented or Available to be Presented." The limited record before us shows

---

[1] *See* Tex. R. App. P. 47.4.

that the State had previously filed two "Notices of Intent to Destroy Evidence" under article 38.43 of the code of criminal procedure, and the trial court had entered two "Orders to Destroy Evidence," finding that the State had complied with the notice requirements of article 38.43. *See* TEX. CODE CRIM. PROC. ANN. art. 38.43 (Vernon Supp. 2008).[2]

On July 22, 2008, we notified Appellant that we were concerned that we lack jurisdiction over his appeal because the orders in question do not appear to be appealable orders. We informed Appellant that we would dismiss the appeal unless he or any party desiring to continue it filed a response in this court showing grounds for continuing the appeal. We have not received a response.

Article 38.43, entitled "Preservation of Evidence Containing Biological Material," provides that the State may destroy DNA evidence if it does not receive an objection within ninety-one days after giving notice to the defendant, defense counsel, and the convicting court. *See id*. Article 38.43 does not provide for any relief by the lower court, nor does it authorize an appeal to a

---

[2] The State's notices and the trial court's orders also reference article 38.39, which does not concern the destruction of evidence. *See id.* art. 38.39 (Vernon 2005). But we note that article 38.43 was numbered 38.39 until the legislature renumbered it in 2005. Act of May 24, 2005, 79th Leg., R.S., ch. 728, § 23.001(8), Tex. Gen. Laws 2314.

court of appeals.  *See id.*; *see also Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("When the issue is the preservation of evidence containing biological material, the Code of Criminal Procedure does not provide for any relief by the lower court, nor authorize an appeal to the court of appeals."); *Woodall v. State*, No. 02-06-00101-CR, 2007 WL 117704, at *2 (Tex. App.—Fort Worth Jan. 18, 2007, pet. ref'd) (mem. op., not designated for publication) ("[T]he code of criminal procedure does not authorize an appeal to a court of appeals on the ground that the State improperly destroyed DNA evidence").  Consequently, we are without jurisdiction to address whether the State properly destroyed DNA evidence or whether the trial court properly denied Appellant's "Motion to Withdraw the Destruction."  Therefore, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 29, 2008