COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-242-CR

 

 

JAMES DONALD WESTFALL                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant James Donald Westfall, a pro se inmate,
attempts to appeal the trial court=s denial
of his AMotion
to Withdraw the Destruction or Removal of Any and All Evidence Related to
Material Facts, Testimony, Documents Tangible Objects, Photographs, Electronic
Media, Computer Files and Exhibits Presented or Available to be Presented.@  The limited record before us shows that the
State had previously filed two ANotices
of Intent to Destroy Evidence@ under
article 38.43 of the code of criminal procedure, and the trial court had
entered two AOrders to Destroy Evidence,@ finding
that the State had complied with the notice requirements of article 38.43.  See Tex.
Code Crim. Proc. Ann. art. 38.43 (Vernon Supp. 2008).[2]

On July 22, 2008, we notified Appellant that we
were concerned that we lack jurisdiction over his appeal because the orders in
question do not appear to be appealable orders. 
We informed Appellant that we would dismiss the appeal unless he or any
party desiring to continue it filed a response in this court showing grounds
for continuing the appeal.  We have not
received a response.








Article 38.43, entitled APreservation
of Evidence Containing Biological Material,@
provides that the State may destroy DNA evidence if it does not receive an
objection within ninety-one days after giving notice to the defendant, defense
counsel, and the convicting court.  See
id.  Article 38.43 does not provide
for any relief by the lower court, nor does it authorize an appeal to a court
of appeals.  See id.; see also
Chavez v. State, 132 S.W.3d 509, 510 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (AWhen the
issue is the preservation of evidence containing biological material, the Code
of Criminal Procedure does not provide for any relief by the lower court, nor
authorize an appeal to the court of appeals.@); Woodall
v. State, No. 02‑06‑00101‑CR, 2007 WL 117704, at *2 (Tex.
App.CFort
Worth Jan. 18, 2007, pet. ref=d) (mem.
op., not designated for publication) (A[T]he
code of criminal procedure does not authorize an appeal to a court of appeals
on the ground that the State improperly destroyed DNA evidence@).   Consequently, we are without jurisdiction to
address whether the State properly destroyed DNA evidence or whether the trial
court properly denied Appellant=s AMotion
to Withdraw the Destruction.@  Therefore, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a),
43.2(f).

PER
CURIAM

 

PANEL: GARDNER, WALKER,
and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  August 29, 2008











[1]See Tex. R. App. P. 47.4.





[2]The State=s notices and the trial
court=s orders also reference
article 38.39, which does not concern the destruction of evidence.  See id. art. 38.39 (Vernon
2005).  But we note that article 38.43
was numbered 38.39 until the legislature renumbered it in 2005.  Act of May 24, 2005, 79th Leg., R.S., ch.
728, ' 23.001(8), Tex. Gen.
Laws 2314.