Opinion issued November 17, 2010

 

 

 

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00995-CR

———————————

IN RE LaFredrick WATERS, Relator



 



 

Original Proceeding on Petition for Writ of Habeas Corpus  



 



 

MEMORANDUM OPINION

          Relator, LaFredrick Waters, has filed
a pro se petition for writ of habeas corpus in this Court.  Relator asserts that he is “illegally
confined and restrained of his liberty in Harris County jail . . . by virtue of
a fugitive warrant issued by New Mexico.” 
Relator requests that we issue a writ either ordering an evidentiary
hearing or granting his release on bond. 


A court of appeals does not have original jurisdiction over habeas
corpus proceedings in criminal matters.  See Chavez
v. State, 132 S.W.3d 509, 510, 510 (Tex. App.—Houston [1st Dist.] 2004, no
pet.); Ex parte Hearon, 3 S.W.3d 650,
650 (Tex. App.—Waco 1999, orig. proceeding) (determining that it did not have
jurisdiction to grant habeas relief in pending criminal matter); Denby v. State, 627 S.W.2d 435, 435
(Tex. App.—Houston [1st Dist.] 1981, orig. proceeding) (stating that
jurisdiction is appellate only); cf. Tex. Gov’t Code Ann. § 22.221(d)
(Vernon 2004) (providing writ power in civil cases). 
Texas Code of Criminal Procedure article 11.05 vests power over
original habeas corpus proceedings in criminal cases in the Texas Court of
Criminal Appeals, the district courts, the county courts, or a judge of those courts.  Tex.
Code Crim. Proc. Ann. art. 11.05 (Vernon 2005).  Therefore, we are
without jurisdiction to grant the requested relief.  

          Even if we treat the petition before
us as a petition for writ of mandamus, we cannot grant the requested relief
because we do not have a record showing that relator asked the trial court to
perform a nondiscretionary act and that the trial court refused.  See
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992,
orig. proceeding).

          Accordingly, we dismiss for want of
jurisdiction.

PER CURIAM

Panel consists of Justices Jennings, Keyes, and
Higley.

Tex. R. App. P. 47.2(b).