Opinion issued November 3, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00846-CR

———————————

In Re Littleton, Relator



 



 

Original Proceeding on Petition for Writ of Habeas Corpus



 



 

MEMORANDUM OPINION

Relator, Reginald Littleton, has filed a pro se petition for
writ of habeas corpus in this Court. Relator asserts that the trial court erred
by overruling his pretrial motion to suppress evidence.

A court of appeals does not have original jurisdiction
over habeas corpus proceedings in criminal
matters. See Chavez v. State, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st
Dist.] 2004, no pet.); Ex parte Hearon, 3 S.W.3d 650, 650 (Tex. App.—Waco
1999, orig. proceeding) (determining that it did not have jurisdiction to grant
habeas relief in pending criminal matter); Denby v. State, 627 S.W.2d
435, 435 (Tex. App.—Houston [1st Dist .] 1981, orig. proceeding) (stating that
jurisdiction is appellate only); cf. Tex.
Gov’t Code Ann. § 22.221(d) (Vernon 2004) (providing writ power in civil
cases). Texas Code of Criminal Procedure article 11.05 vests power over
original habeas corpus proceedings in criminal cases in the Texas Court of
Criminal Appeals, the district courts, the county courts, or a judge of those
courts. Tex. Code Crim. Proc. Ann.
art. 11.05 (Vernon 2005).   Further, a pretrial habeas corpus application cannot
be used to challenge the trial court’s denial of a motion to suppress evidence.
Ex parte Conner, 439 S.W.2d 350, 350
(Tex. Crim. App. 1969).

Because
we are without jurisdiction to grant the requested relief, we dismiss for want of jurisdiction.

 

PER
CURIAM

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).