Opinion issued November 3, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00860-CR

———————————

In Re Littleton, Relator



 



 

Original Proceeding on Petition for Writ of Habeas Corpus



 



 

MEMORANDUM OPINION

Relator, Reginald Littleton, has filed a pro
se petition for writ of habeas corpus in this Court. Relator
asserts that his constitutional right to a speedy trial has been violated. 

A court of appeals does not have original jurisdiction
over habeas corpus proceedings in criminal
matters. See Chavez v. State, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st
Dist.] 2004, no pet.); Ex parte Hearon, 3
S.W.3d 650, 650 (Tex. App.—Waco 1999, orig. proceeding) (determining that it
did not have jurisdiction to grant habeas relief in pending criminal matter); Denby v. State, 627 S.W.2d 435, 435 (Tex. App.—Houston
[1st Dist .] 1981, orig. proceeding) (stating that jurisdiction is appellate
only); cf. Tex. Gov’t Code Ann. § 22.221(d) (Vernon 2004) (providing writ power in
civil cases). Texas Code of Criminal Procedure article
11.05 vests power over original habeas corpus proceedings in criminal cases in
the Texas Court of Criminal Appeals, the district courts, the county courts, or
a judge of those courts. Tex. Code Crim. Proc. Ann. art.
11.05 (Vernon 2005). 
 Further, a pretrial habeas corpus
application cannot be used to assert the constitutional or statutory right to a
speedy trial. Ex parte Doster, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010).

Because
we are without jurisdiction to grant the requested relief, we dismiss for want of jurisdiction.

 

PER
CURIAM

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.   Tex. R.
App. P. 47.2(b).