

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00411-CR

**IN RE** Ali **MAYBERRY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed: July 17, 2013

PETITION FOR WRIT OF MANDAMUS DENIED;
PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On June 26, 2013, relator Ali Mayberry filed a pro se petition for writ of mandamus and petition for writ of habeas corpus, complaining of the trial court's denial of his pro se motions for speedy trial and requesting that this court order the district court to reverse his convictions and dismiss the charges against him.

With regard to the petition for writ of mandamus, mandamus relief is not available with respect to rulings on speedy trial motions because there is an adequate remedy by appeal. *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998); *In re Denney*, No. 04-12-00413-CR, 2012 WL 2914961, at *1 (Tex. App.—San Antonio July 18, 2012, orig. proceeding) (not

---

[1] This proceeding arises out of Cause Nos. 2012CR2540;2012CR2541;2012CR2542, styled *The State of Texas v. Ali Mayberry*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Angus McGinty presiding.

designated for publication).  Accordingly, the petition for writ of mandamus is denied.  TEX. R. APP. P. 52.8(a).

With regard to the petition for writ of habeas corpus, this court, as an intermediate court of appeals, is not authorized to grant the relief requested.  Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case."  TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction.  *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.).  In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, district courts, and county courts.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005).  Therefore, the petition for writ of habeas corpus is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH