

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00729-CR

**IN RE** Ronjee **MIDDLETON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  October 30, 2013

PETITION FOR WRIT OF MANDAMUS DENIED;
PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On October 21, 2013, relator Ronjee Middleton filed a combined pro se petition for writ of

mandamus and petition for writ of habeas corpus, complaining of the trial court's failure to rule

on a pending motion for speedy trial and requesting that this court order the district court to dismiss

the criminal charges pending against him.

With regard to the petition for writ of mandamus, relator has been appointed trial counsel

to represent him in connection with his pending criminal charges. We conclude that any original

proceeding on the issue presented should be presented by relator's trial counsel. Relator is not

entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App.

1995). The absence of a right to hybrid representation means relator's pro se mandamus petition

---

[1] This proceeding arises out of Cause No. 2013CR0666, styled *The State of Texas v. Ronjee Middleton*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip A. Kazen, Jr. presiding.

will be treated as presenting nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

With regard to the petition for writ of habeas corpus, this court, as an intermediate court of appeals, is not authorized to grant the relief requested. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). Therefore, the petition for writ of habeas is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH