

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00292-CR

**EX PARTE** Martin **PARKS**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
               Marialyn Barnard, Justice
               Jason Pulliam, Justice

Delivered and Filed:  May 20, 2015

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On May 8, 2015, relator Martin Parks filed a pro se petition for writ of habeas corpus, requesting this court to direct the sheriff to make relator available for a hearing in the trial court to determine the legality of his detention. In two underlying criminal proceedings, relator is charged with the felony offenses of theft and evading arrest. *See* TEX. PENAL CODE ANN. §§ 31.03, 38.04 (West Supp. 2014). Relator's pending criminal charges are currently scheduled for trial in June 2015.

This court, as an intermediate court of appeals, is not authorized to grant the relief relator seeks. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue

---

[1] This proceeding arises out of Cause Nos. 2015CR2488 and 2015CR2489, styled *The State of Texas v. Martin Parks*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Kevin M. O'Connell presiding.

of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). Therefore, relator's petition for writ of habeas is dismissed for lack of jurisdiction.

In addition, we note that relator has been appointed trial counsel to represent him in connection with the currently pending criminal charges. We conclude that any original proceeding on relator's behalf should be presented by relator's trial counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se petition presents nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

PER CURIAM

DO NOT PUBLISH