

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00335-CR

**IN RE** Roland S. **PERKINS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Sandee Bryan Marion, Chief Justice
                    Karen Angelini, Justice
                    Rebeca C. Martinez, Justice

Delivered and Filed:  June 10, 2015

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On June 1, 2015, relator Roland S. Perkins filed a pro se petition for writ of mandamus and judgment nunc pro tunc. In 2013, Perkins was convicted of felony driving while intoxicated and sentenced to ten years' incarceration as the result of a plea agreement. On November 26, 2014, this court affirmed the trial court's judgment as modified in Cause No. 04-13-00751-CR.[2] Perkins' felony conviction thus became final. Perkins complains in this original proceeding that his judgment of conviction should be corrected to reflect a sentence of eight years, rather than ten.

---

[1] This proceeding arises out of Cause No. 2012CR5082, styled *The State of Texas v. Ronald S. Perkins*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Lorina Rummel presiding.

[2] In the direct appeal from relator's conviction, this court sustained the State's cross-point alleging the trial court erred in amending relator's orally pronounced sentence from ten years to eight in an amended judgment. *See Perkins v. State*, No. 04-13-00751-CR, 2014 WL 6687280, at *3 (Tex. App.—San Antonio Nov. 26, 2014, no pet.). The court ordered the judgment modified to reflect a ten-year sentence, and affirmed the judgment as modified. *Id*.

Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2008); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction."). Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus.

In this original proceeding, Perkins also makes reference to an application for habeas corpus relief. To the extent that Perkins seeks habeas corpus relief from this court, we are without jurisdiction to grant it. In criminal matters, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). The courts authorized to issue writs of habeas corpus in criminal proceedings are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH