

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00402-CR

**EX PARTE** Jerry Lee **EDWARDS**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  July 15, 2015

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On July 2, 2015, relator Jerry Lee Edwards filed a pro se petition for writ of habeas corpus, requesting that this court review and investigate the allegations in the underlying criminal proceeding and determine the legality of his detention. Relator is charged with the felony offense of assault. *See* TEX. PENAL CODE ANN. § 22.01(b) (West Supp. 2014). Relator's pending criminal charge is currently scheduled for trial in August 2015.

This court, as an intermediate court of appeals, is not authorized to grant the relief relator seeks. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order,

---

[1] This proceeding arises out of Cause No. 2013CR9303, styled *The State of Texas v. Jerry Lee Edwards*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

judgment, or decree previously made, rendered, or entered by the court or judge in a civil case."
TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). Therefore, relator's petition for writ of habeas corpus is dismissed for lack of jurisdiction.

In addition, we note that relator has been appointed trial counsel to represent him in connection with the currently pending criminal charge. We conclude that any original proceeding on relator's behalf should be presented by relator's trial counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se petition presents nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

PER CURIAM

DO NOT PUBLISH