

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00430-CR

**EX PARTE** Jaime **LUEVANO**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:     Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice
             Jason Pulliam, Justice

Delivered and Filed:  July 22, 2015

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On July 10, 2015, relator Jaime Luevano filed a pro se petition for writ of habeas corpus. Luevano is currently incarcerated in the John B. Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, located in Karnes County, Texas. His incarceration arises from multiple convictions obtained in El Paso County criminal proceedings involving felony charges.[2] Luevano is presently serving a life sentence. Luevano also has a pending charge for the felony offense of harassment of a correctional officer arising from conduct occurring during his incarceration. *See* TEX. PENAL CODE ANN. § 42.07 (West Supp. 2014). This pending charge is not presently scheduled for trial.

---

[1] This proceeding arises out of Cause No. 15-03-00028-CRK, styled *The State of Texas v. Jaime Luevano*, pending in the 218th Judicial District Court, Karnes County, Texas, the Honorable Paul Canales presiding.

[2] Cause Nos. 20070D04788 (2010 felony burglary of habitation), 20070D04789 (2010 felony burglary of habitation), 75949 (1994 felony burglary of habitation), and 45523-168 (1990 felony failure to stop and render aid), each styled *The State of Texas v. Jaime Luevano.*

Luevano's complaint in this original proceeding appears to be related to the currently pending harassment charge. This court, as an intermediate court of appeals, is not authorized to grant habeas relief with respect to a criminal matter. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015). Therefore, relator's petition for writ of habeas is dismissed for lack of jurisdiction.

In addition, we note that relator has been appointed counsel to represent him in connection with the currently pending charge. We conclude that any original proceeding on relator's behalf should be presented by relator's appointed counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se petition presents nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

PER CURIAM

DO NOT PUBLISH