

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00448-CR

**EX PARTE** Barry A. **BROWN**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  July 29, 2015

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On July 17, 2015, relator Barry A. Brown filed a pro se petition for writ of habeas corpus, complaining that his current incarceration is illegal and that there has been an excessive delay in bringing his pending criminal charges to trial. In four underlying criminal proceedings, relator is charged with multiple counts of the felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

This court, as an intermediate court of appeals, is not authorized to grant the relief relator seeks. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order,

---

[1] This proceeding arises out of Cause Nos. 2014CR7116, 2014CR7117, 2014CR7118A and 2014CR7119A, styled *The State of Texas v. Barry A. Brown*, pending in the 399th Judicial District Court, Bexar County, Texas, the Honorable Ray Olivarri presiding.

judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015). Therefore, relator's petition for writ of habeas is dismissed for lack of jurisdiction.

In addition, we note that relator has been appointed trial counsel to represent him in connection with the currently pending criminal charges. We conclude that any original proceeding on relator's behalf should be presented by relator's trial counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (en banc). The absence of a right to hybrid representation means relator's pro se petition presents nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

PER CURIAM

DO NOT PUBLISH