

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00498-CR

**EX PARTE** Matthew Jamal **JACKSON**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting: Karen Angelini, Justice
    Luz Elena D. Chapa, Justice
    Jason Pulliam, Justice

Delivered and Filed: August 19, 2015

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On August 7, 2015, relator Matthew Jamal Jackson filed two pro se petitions for writ of habeas corpus challenging his indictment, arrest, and incarceration in the underlying criminal proceeding. Relator also filed a motion requesting that he be allowed to review the video or audio recording of the grand jury deliberation resulting in his indictment. Relator requests that this court grant his petitions for writ of habeas corpus, order his release, and dismiss the criminal charge pending against him. Relator is charged with the felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Relator's pending criminal charge is currently scheduled for trial in October 2015.

---

[1] This proceeding arises out of Cause No. 2014CR0148, styled *The State of Texas v. Matthew Jamal Jackson*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

This court, as an intermediate court of appeals, is not authorized to grant the relief relator seeks. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015). Therefore, relator's petitions for writ of habeas are dismissed for lack of jurisdiction.

In addition, we note that relator has been appointed trial counsel to represent him in connection with his currently pending criminal charge. We conclude that any original proceeding on relator's behalf should be presented by relator's trial counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se petition presents nothing for this court's review. *See id*.; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

PER CURIAM

DO NOT PUBLISH