

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00625-CR

**EX PARTE** Edward **HOUSTON**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  October 14, 2015

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On October 2, 2015, relator Edward Houston filed a pro se petition for writ of habeas corpus seeking an order admitting him to bail pending the appeal of his conviction and sentence in the underlying criminal case. Relator was convicted by a jury in July 2015 of the felony offense of evading arrest while using a vehicle. *See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2014). Relator was sentenced to four years' incarceration and ordered to pay a fine and court costs. Relator's appeal in No. 04-15-00513-CR, styled *Houston v. State*, is currently pending in this court.

This court, as an intermediate court of appeals, is not authorized to grant the relief relator seeks. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue

---

[1] This proceeding arises out of Cause No. 2014CR7827, styled *The State of Texas v. Edward Houston*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Kevin M. O'Connell presiding.

of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). The courts authorized to issue writs of habeas corpus in criminal cases are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015). Therefore, relator's petition for writ of habeas is dismissed for lack of jurisdiction.

In addition, we note that relator has been appointed appellate counsel to represent him in his pending appeal. We conclude that any original proceeding on relator's behalf should be presented by relator's appellate counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se petition presents nothing for this court's review. *See id*.; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

PER CURIAM

DO NOT PUBLISH