# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-000651-CV

**In re Roger Doyle Wood**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Roger Doyle Wood, an inmate appearing pro se, has filed a "petition for writ of habeas corpus under article 11.07" in this Court, relating to his 2008 conviction for murder. *See* Tex. Code Crim. Proc. art. 11.07 (procedure for application for writ of habeas corpus). Wood contends that the DNA evidence presented in his trial was based on flawed procedures and protocols. Wood seeks to have his conviction vacated and a new trial ordered. We construe Wood's petition as an original application for writ of habeas corpus filed for the first time in this court of appeals.

We do not have jurisdiction over Wood's request for relief. This Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *See* Tex. Gov't Code § 22.221(d). In criminal matters, our habeas corpus jurisdiction is appellate only, and we have no jurisdiction in matters pertaining to habeas corpus proceedings initiated under article 11.07. *See* Tex. Code Crim. Proc. art. 11.07, § 5 (vesting complete jurisdiction over post-conviction relief from final felony convictions in Texas Court of Criminal Appeals); *Ex parte Garcia*, No. 03-14-00292-CR, 2014 WL 3893030, at *1 (Tex. App.—Austin Aug. 8, 2014, orig.

proceeding); *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (per curiam); *see also Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases."); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.) ("The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only.").

Accordingly, we dismiss this proceeding for want of jurisdiction.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Filed:   November 2, 2016

2