**Opinion issued December 15, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-20-00786-CR
### NO. 01-20-00787-CR
### NO. 01-20-00788-CR

————————————

## IN RE BRADY JOSEPH RAY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Brady Joseph Ray, has been charged with the felony offense of assault against a public servant. Ray, acting pro se, has filed this original proceeding consisting of (1) a petition for writ of mandamus requesting that our Court compel the district attorney in the underlying case to produce certain purported evidence

requested by Ray and (2) an original application for writ of habeas corpus.[1] We dismiss the original proceeding for want of jurisdiction.

This Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. TEX. GOV'T CODE § 22.221. District attorneys are not a district court or county court judge in this court's district, and Ray has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this court's jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district attorney in the underlying case. *See* TEX. GOV'T CODE § 22.221. Accordingly, we dismiss Ray's petition for writ of mandamus for want of jurisdiction.

Concerning Ray's request for pre-trial habeas relief, courts of appeals do not have original habeas corpus jurisdiction in criminal matters; original jurisdiction is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *See* TEX. CODE CRIM. PROC. art. 11.05; *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (per curiam). In

---

[1] The underlying case is *State of Texas v. Brady J. Ray*, cause numbers 1635384, 1635385, and 1635386, pending in the 339th District Court of Harris County, Texas, the Honorable Jesse McClure III presiding.

criminal matters, our habeas corpus jurisdiction is appellate only, and we do not have original habeas corpus jurisdiction. *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing Tex. Gov't Code § 22.221) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases."). We lack jurisdiction over this attempt to seek pre-conviction habeas relief directly from this Court. *In re Lozano*, No. 14–12–00049–CR, 2012 WL 274076, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, orig. proceeding) ("To the degree relator seeks release from custody, relator is seeking pretrial habeas corpus relief over which this court does not have jurisdiction.") (citing *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)). Accordingly, we dismiss Ray's application for writ of habeas corpus for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Adams.

Do not publish. TEX. R. APP. P. 47.2(b).