**Opinion issued March 3, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00142-CR**

**NO. 01-22-00143-CR**

**NO. 01-22-00144-CR**

**NO. 01-22-00145-CR**

**NO. 01-22-00146-CR**

———————————

**IN RE CRISTIAN ERNESTO GARCIA, Relator**

---

**Original Proceeding on Application for Writ of Habeas Corpus**

---

**MEMORANDUM OPINION**

Relator, Cristian Ernesto Garcia, appearing pro se, has filed applications for writ of habeas corpus with this Court related to each of his five trial court cases.[1] Garcia's applications state that he has been indicted for the offenses of "[a]ssault on family-member, [i]njury to child, [v]iolation of [p]rotective order, [a]ssault on [p]eace officer, [and] [v]iolation of [b]ond [c]ondition." Garcia asserts that he was "arrested on December 16, 2020" and has been "illegally restrained and confined" in the Harris County jail since that time. Garcia further asserts that the bail set by the trial court in each of his trial court cases "is excessive," but that he "could raise funds required to post bail through a professional bondsman" if the bail amount in each case was reduced. Garcia requests that this Court "issue the [w]rit of [h]abeas [c]orpus" and either "order[] [that he be] discharged from illegal custody" or that his "bail be reduced."

We dismiss Garcia's applications for writ of habeas corpus for lack of jurisdiction.

An intermediate court of appeals does not have original habeas jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (original habeas jurisdiction of courts of appeals is limited to cases in which person's liberty is restrained because person violated order, judgment, or decree entered in civil case);

---

[1] The underlying cases are *The State of Texas v. Cristian Ernesto Garcia*, Cause Nos. 1702130, 1702133, 1716436, 1734736, and 1734829, in the 209th District Court of Harris County, Texas, the Honorable Brian Warren presiding.

*Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Our habeas corpus jurisdiction in criminal matters is appellate only. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Accordingly, in criminal habeas matters, this Court is limited to reviewing a trial court's order denying a defendant's pretrial application for writ of habeas corpus. *See Montalvo v. State*, 315 S.W.3d 588, 589 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (reviewing trial court's order denying pretrial application writ of habeas corpus seeking reduction of bail). Original habeas jurisdiction in criminal proceedings is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *see also Ex parte Werne*, 118 S.W.3d 833, 836 n.1 (Tex. App.—Texarkana 2003, no pet.) (noting Texas law permits "someone who is incarcerated to file a pretrial application of writ of habeas corpus" in trial court). For these reasons, to the extent that Garcia seeks to have this Court to grant his applications for writ of habeas corpus, we lack jurisdiction to do so.

Accordingly, we dismiss Garcia's applications for writ of habeas corpus for lack of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Goodman, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).