**Opinion issued July 12, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00437-CR

————————————

## IN RE MARCO KOOLE, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator, Marco Koole, has filed a "Motion for Temporary Relief to Stay Proceedings and to Set Bond" pending this Court's "disposition of his Petition for Writ of Habeas Corpus."[1] We construe relator's motion to include a petition for

---

[1] The underlying case is *The State of Texas v. Mario Gutierrez Koole, Jr.*, Cause No. 89275-CR, pending in the 149th District Court of Brazoria County, Texas, the Honorable Terri Holder presiding.

writ of habeas corpus.[2]  Relator seeks relief from the trial court's imposition of "a 120-day jail sentence" after it found him in contempt of court for failing to appear to testify during the trial in the underlying criminal case.

We dismiss the petition for writ of habeas corpus for lack of jurisdiction.

An intermediate court of appeals does not have original habeas jurisdiction in criminal law matters.  *See* TEX. GOV'T CODE ANN. § 22.221(d) (original habeas jurisdiction of courts of appeals is limited to cases in which person's liberty is restrained because person violated order, judgment, or decree entered *in civil case*); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05.  In criminal matters, our habeas corpus jurisdiction is appellate only.  *See* TEX. GOV'T CODE ANN. § 22.221(d); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding).

Texas Government Code section 22.221 states, in pertinent part:

Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge *in a civil case*.  Pending the hearing

---

[2]    In his motion, relator states that "[t]his Court has jurisdiction over *this original proceeding* and request for temporary relief pursuant to Tex[as] Gov[ernment] Code[] sec[tion] 22.221(d)."  (Emphasis added.)  Relator also references "his [p]etition for [w]rit of [h]abeas [c]orpus" in other portions of his motion.

of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

TEX. GOV'T CODE ANN. § 22.221(d) (emphasis added); *see also In re Letizia*, No. 01-18-01052-CR, 2019 WL 610772, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2019, orig. proceeding) (mem. op., not designated for publication); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts." (internal citations omitted)); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) ("[T]his Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case."). Original jurisdiction in a criminal proceeding is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *In re Ayers*, 515 S.W.3d at 356. We are without jurisdiction to consider realtor's petition for writ of habeas corpus.

We dismiss relator's petition for writ of habeas corpus for lack of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).