# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00612-CR

### Ex parte John Desmarais

### FROM THE COUNTY COURT OF BELL COUNTY
### NOS. 9703 & 9711, THE HONORABLE JEANNE PARKER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Applicant John Paul Desmarais, an inmate in the Texas Department of Criminal Justice, filed a pro se original application for writ of habeas corpus[1] challenging a series of allegedly unconstitutional civil commitments from 2016. Desmarais asks that the Court "mitigate[e his] false guilty pleas," "set aside all charges," return his property, arrest two named individuals, and "provide relief 11.07 in CCA #78134D, #81558D by notifying the CCA of [its] finding of facts."

The original jurisdiction of the Court is set by the Texas Constitution, which provides that we "shall have such other jurisdiction, original and appellate, as may be prescribed by law." Tex. Const. Art. V, § 6. Section 22.221(d) of the Texas Government Code limits our

---

[1] Although Desmarais states that his pleading is "an official inquiry request to investigate and for a response to be issued," looking at the pleading's substance, we construe it as an original habeas application. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its form or caption to determine its nature). In particular, Desmarais asserts that "this inquiry can relieve me via habeas corpus by mitigating my false guilty pleas while drugged by the Court on 8/30/18 and 5/1/2020[,] and I am seeking that obligatory relief for every charge that occurred after 1/30/2016."

original habeas jurisdiction to "when it appears that the restraint of [a person's] liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." Tex. Gov't Code § 22.221(d). Because there is nothing in the record to suggest that the present restraint on Desmarais's liberty is the result of a violation of a prior order, judgment, or decree in a civil case, we lack jurisdiction over his original application. *See id.*; *In re Weller*, No. 09-19-00108-CV, 2019 WL 1715967, at *1 (Tex. App.—Beaumont Apr. 18, 2019, no pet.) (mem. op., not designated for publication) ("We lack original habeas jurisdiction to consider an order that does not involve a contemnor's violation of a previous court order.").

Alternatively, insomuch as Desmarais is challenging a criminal proceeding or conviction, we likewise lack original habeas jurisdiction in criminal matters. *Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, no pet.); *see Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases."); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.) ("The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only."). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05.

Accordingly, we dismiss Desmarais's original application for writ of habeas corpus for want of jurisdiction.

2

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   December 23, 2022

Do Not Publish