**Opinion issued January 22, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-26-00046-CR

_____

## IN RE ERICA D. HAYWOOD, Petitioner

---

**Original Proceeding on Petition for Writ of Habeas Corpus**

---

## MEMORANDUM OPINION

Erica D. Haywood, proceeding pro se, filed a petition for writ of habeas corpus "from all convictions [she has] resulting from courts of the State of Texas." Haywood stated that her petition "should be filed with the Texas Court of Appeals at Houston, Texas due to convictions at courts at Galveston, Houston and Richmond, Texas and convictions at San Antonio, Amarillo, Lubbock[,] Fort Worth and El Paso Texas." She further alleged that "[t]hese cases [were] all frivolous and based upon

political cruelty, irreverence, and socialism," and therefore the "[c]onvictions should be dismissed by [the] Court of Appeals."

We dismiss the petition for writ of habeas corpus for lack of jurisdiction.

Intermediate appellate courts do not have original habeas jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (original habeas jurisdiction of courts of appeal is limited to cases in which person's liberty is restrained because person violated order, judgment, or decree entered in civil case); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Our habeas corpus jurisdiction in criminal matters is appellate only. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Original habeas jurisdiction in criminal proceedings is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05. We therefore lack jurisdiction to grant Haywood's request for a writ of habeas corpus.

Accordingly, we dismiss Haywood's petition for writ of habeas corpus for lack of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).

2