**Opinion issued January 29, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-26-00026-CR

———————————

## IN RE BENJAMIN OSHEA CALHOUN, Relator

---

**Original Proceeding on Petition for Writ of Habeas Corpus**

---

## MEMORANDUM OPINION

Benjamin Oshea Calhoun, acting pro se, has filed an "Original Petition for Writ of Habeas Corpus for Bond Reduction" challenging the amount and conditions of bail in his criminal case.[1] We dismiss the petition for lack of jurisdiction.[2]

---

[1] The underlying case is *The State of Texas v. Benjamin Oshea Calhoun*, cause number 2591766, pending in the County Criminal Court at Law No. 8 of Harris County, Texas, the Honorable Eric Ramirez presiding.

[2] Relator's petition also fails to comply with the original proceeding requirements enumerated in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3 (form and content of petition); TEX. R. APP. P 52.7 (record).

Intermediate appellate courts do not have original habeas jurisdiction in criminal law matters. *See* TEX. GOV'T CODE § 22.221(d) (original habeas jurisdiction of courts of appeal is limited to cases in which person's liberty is restrained because person violated order, judgment, or decree entered in civil case); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Our habeas corpus jurisdiction in criminal matters is appellate only. *See* TEX. GOV'T CODE § 22.221(d); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Original habeas jurisdiction in criminal proceedings is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. art. 11.05. Thus, to the extent relator seeks to have this Court grant his application for a writ of habeas corpus for the first instance in our Court, we lack jurisdiction to do so. *See In re Saguero*, No. 01-22-00167-CR, 2022 WL 850408, at *1 (Tex. App.—Houston [1st Dist.] Mar. 22, 2022, orig. proceeding) (mem. op., not designated for publication) (dismissing original habeas application seeking bail reduction for lack of jurisdiction).

Accordingly, we dismiss relator's petition for writ of habeas corpus for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).